US DISTRICT COURT
WESTERN DIST ARKANSAS
**FILED**

04/09/2021

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. _6:21cr60007-001_____ |
| | ) | 18 U.S.C. § 1001(a)(3) |
| JAMES HERITAGE | ) | 18 U.S.C. § 1341 |

## INFORMATION

The First Assistant United States Attorney charges:

### COUNT ONE
### (False Statement)

On or about April 3, 2020, in the Western District of Arkansas, Hot Springs Division, the defendant, JAMES HERITAGE, did willfully and knowingly make and use a false writing and document, knowing it to contain a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Small Business Administration (SBA), a federal agency, by submitting an application for a loan under the SBA's Paycheck Protection Program to Arvest Bank in Hot Springs, Arkansas, in which he swore that he was the owner of LBC Nutrition, a loan-eligible business, that employed 13 employees with a monthly payroll obligation of $73,571.93, well knowing and believing that LBC Nutrition had no such payroll obligation.

All in violation of Title 18, United States Code, Section 1001(a)(3).

## COUNT TWO
## (Mail Fraud)

## INTRODUCTION.

At all times relevant to this Count:

1.      The defendant, JAMES HERITAGE, was an Arkansas resident, living in Hot Springs, in
the Western District of Arkansas.  HERITAGE was the owner and operator of Ablution Day Spa.

### Background on Pandemic Unemployment Assistance.

2.      On March 27, 2020, the United States Government enacted the Coronavirus Aid, Relief,
and Economic Security (CARES) Act, which provided economic stimulus for individuals and
businesses affected by the Coronavirus Pandemic.  This relief included a form of supplementary
unemployment assistance, known as Pandemic Unemployment Assistance (PUA).

3.      For PUA claims, claimants must file with the state where the claimant was working at the
time of becoming unemployed, partially unemployed, or unable to work because of a COVID-19
related reason listed in section 2102(a)(3)(A)(ii)(I) of the CARES Act.  The claimant can do so by
completing an application at a local "one-stop center," by telephone, or online at each state's
website.

4.      If claimants worked in more than one state prior to their unemployment, they may file for
PUA in any of those states, but must pick one.  As part of the application, a claimant must provide
his or her name, date of birth, social security number, home address, and other personal
information to that state's claim administrator.

5.      The state PUA administrator authorizes their financial services section to release PUA
funds in the form of either: (a) a state contracted debit card mailed to the applicant; (b) a direct
deposit into a pre-paid debit card account; or (c) a direct deposit into the claimant's designated
bank account and in rare cases, a check can be issued to the applicant by some states.

**THE SCHEME TO DEFRAUD**

6.      From on or about April 19, 2020, until on or about September 6, 2020, in the Western District of Arkansas, Hot Springs Division, the defendant, JAMES HERITAGE, with the intent to defraud, did knowingly and willfully devise a scheme and artifice to defraud various state PUA administrators, and to obtain money from these states, by means of false and fraudulent pretenses and representations, knowing that the pretenses and representations were false when made.

**MANNER AND MEANS OF THE SCHEME TO DEFRAUD**

It was part of the scheme and artifice to defraud and to obtain money that:

7.      HERITAGE, accessing each state's online application portal from computers in Hot Springs, Arkansas, applied for PUA benefits to administrators in numerous states in which he did not live or work.  This includes applications to the Arizona Department of Economic Security, the California Employment Development Department, the Colorado Department of Labor Employment, Connecticut Department of Labor, the District of Columbia Department of Employment Services, the Delaware Department of Labor, the Georgia Department of Labor, Iowa Workforce Development, the Illinois Department of Employment Security, the Indiana Department of Workforce Development, the Kansas Department of Labor, the Kentucky Division of Unemployment Insurance, the Louisiana Workforce Commission, Massachusetts Labor and Workforce Development, the Maryland Department of Labor, the Maine Department of Labor, the Michigan Department of Labor and Economic Opportunity, Minnesota Employment and Economic Development, the Mississippi Department of Employment Security, Missouri Labor and Industries Relations, the North Carolina Division of Employment Security, North Dakota Job Services, New Hampshire Employment Security, the New Jersey Department of Labor and Workforce Development, the New Mexico Department of Workforce Solutions, the New York

Labor Department, the Oklahoma Employment Security Commission, the Pennsylvania Department of Labor and Industry, the Rhode Island Department of Labor and Training, the South Carolina Department of Employment and Workforce, the South Dakota Department of Labor and Regulation, the Tennessee Department of Labor and Workforce Development, the Texas Workforce Commission, Utah Workforce Services, the Virginia Employment Commission, the Washington Employment Security Department, the West Virginia Workforce Division, and Wyoming Workforce Services.

8.      As part of these applications, HERITAGE falsely represented that he lived and previously worked in the administering state, and that he was eligible to receive PUA benefits from that state. In his applications, HERITAGE provided either a bank account to which PUA funds could be deposited by wire transfer, or a mailing address in Hot Springs, Arkansas, to which a pre-paid debit card or cashier's check could be mailed.

9.      Various state administrators approved HERITAGE's PUA applications based on HERITAGE's representations.  The administrators either wire-transferred funds to the account that HERITAGE provided, or mailed pre-paid debit cards or cashier's checks to the Hot Springs address provided by HERITAGE.

## EXECUTION OF THE SCHEME

10.      On or about May 10, 2020, in the Western District of Arkansas, for the purpose of executing the above-described scheme, HERITAGE made application to New Hampshire Employment Security for PUA benefits to which he was not entitled, knowingly causing cashier's checks containing PUA funds to be deposited, sent, delivered, and received by HERITAGE by mail for the purpose of executing the scheme and artifice to defraud and to obtain money to which

he was not entitled, by means of materially false pretenses, representations, and promises as outlined above.

All in violation of Title 18 United States Code, Section 1341.

DAVID CLAY FOWLKES
FIRST ASSISTANT UNITED STATES ATTORNEY

HUNTER BRIDGES
Assistant U.S. Attorney
Arkansas Bar No. 2012282
414 Parker Avenue
Fort Smith, AR  72901
(479) 783-5125
Hunter.Bridges@usdoj.gov