AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Arkansas

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 6:21CR60007-001 |
| JAMES HERITAGE | ) | USM Number: 41495-509 |
| | ) | Clay Janske |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   One (1) and Two (2) of the Information on April 9, 2021.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1001(a)(3) | False Statement | 04/03/2020 | 1 |
| 18 U.S.C. § 1341 | Mail Fraud | 09/06/2020 | 2 |

The defendant is sentenced as provided in pages 2 through   11   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 26, 2022
Date of Imposition of Judgment

/s/ Susan O. Hickey
Signature of Judge

Honorable Susan O. Hickey, Chief United States District Judge
Name and Title of Judge

May 27, 2022
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 11

DEFENDANT: JAMES HERITAGE
CASE NUMBER: 6:21CR60007-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **twenty-seven (27) months on each count with terms to run concurrently for a total term of twenty-seven (27) months. The defendant is to receive credit for time served in federal custody.**

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant be allowed to take part in any mental health treatment that is available to him.
That the defendant be confined in a BOP facility that can appropriately manage and treat the defendant's mental health and physical health issues.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☒ before 2 p.m. on   July 6, 2022   .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
    Sheet 3 — Supervised Release

Judgment—Page __3__ of __11__

DEFENDANT:    JAMES HERITAGE
CASE NUMBER:    6:21CR60007-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **three (3) years on Count One and five (5) years on Count Two with terms to run concurrently, for a total term of five (5) years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
    Sheet 3A — Supervised Release

Judgment—Page 4 of 11

DEFENDANT: JAMES HERITAGE
CASE NUMBER: 6:21CR60007-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 11

DEFENDANT: JAMES HERITAGE
CASE NUMBER: 6:21CR60007-001

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, residence, and/or vehicle(s) to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner based upon reasonable suspicion of evidence of a violation of any condition of supervised release. Failure to submit to a search may be grounds for revocation.

2. The defendant shall submit to inpatient or outpatient mental health evaluation, counseling, testing and/or treatment, as deemed necessary and as directed by the U.S. Probation Office.

3. The defendant shall not open any new lines of credit or acquire new debt unless preapproved by the U.S. Probation Office.

4. The defendant shall make full and complete disclosure of his finances and submit to an audit of financial documents at the request of the U.S. Probation Office.

5. The defendant shall not purchase, possess, use, distribute, or administer marijuana or obtain or possess a medical marijuana card or prescription. If the defendant is currently in possession of a medical marijuana card, he will turn it over immediately to the probation office.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                   Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __11__

DEFENDANT: JAMES HERITAGE
CASE NUMBER: 6:21CR60007-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 469,082.73 | $ -0- | $ -0- | $ -0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Arvest Bank<br>135 Section Line Road<br>Hot Springs, AR  71913 | $183,937.32 | $183,937.32 | Priority 1 |
| Alabama DOL Internal Security<br>Attn: Courtney Jarome<br>Claimant ID Number: 581-35-30<br>649 Monroe Street, Rm. 2211<br>Montgomery, AL  36131 | $1,428.00 | $1,428.00 | Priority 2 |
| Arizona Department of Economic Security<br>Office of Inspector General UIBF<br>Attn:  Patricia Solano<br>Claimant ID Number: 13444772<br>2200 N. Central Ave., Ste. 301 M/D1747<br>Phoenix, AZ  85004 | $9,960.00 | $9,960.00 | Priority 2 |
| California Employment Development Department<br>EDD Investigation Division<br>Attn: Rosa Martinez<br>P.O. Box 59387<br>Norwalk, CA  90652-0387 | $7,650.00 | $7,650.00 | Priority 2 |
| Connecticut DOL-UI Integrity Division<br>Attn: BPCU<br>Claimant ID: James Heritage 6070<br>200 Folly Brook Blvd.<br>Wethersfield, CT  06109 | $21,556.00 | $21,556.00 | Priority 2 |
| TOTALS | $ 469,082.73 | $ 469,082.73 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☒ the interest requirement is waived for the   ☐ fine   ☒ restitution.
    ☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 5B — Criminal Monetary Penalties

Judgment — Page 7 of 11

DEFENDANT: JAMES HERITAGE
CASE NUMBER: 6:21CR60007-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| District of Columbia<br>Department of Employment Services<br>Attn: Cass Innocent<br>4058 Minnesota Avenue NE, Suite 4305<br>Washington, DC  20019 | $7,004.16 | $7,004.16 | Priority 2 |
| Georgia Department of Labor<br>UI Policy & Procedures Section<br>Attn: Jeffrey W. Babcock<br>148 Andrew Young International Blvd., NE<br>Suite 826<br>Atlanta, GA  30303-1751 | $8,815.00 | $8,815.00 | Priority 2 |
| Illinois Department of Employment Security<br>Attn: Marco Morales or Gilbert Muniz<br>Benefit Payment Control-10th Floor<br>33 South State Street<br>Chicago, IL  60603 | $18,796.00 | $18,796.00 | Priority 2 |
| Indiana Department of Workforce Development<br>Attn: Marsha White/UI Cashiering<br>10 N. Senate Ave. SE 001<br>Indianapolis, IN  46204-2277 | $12,060.00 | $12,060.00 | Priority 2 |
| Executive Office of Labor and Workforce<br>Development, Commonwealth of Massachusetts<br>Charles F. Hurley Building<br>Massachusetts Dept. of Unemployment Assistance<br>Program Integrity Dept. 2nd Floor<br>Claimant ID: A00-000-0009-34<br>19 Staniford Street<br>Boston, MA  02114 | $6,870.00 | $6,870.00 | Priority 2 |
| Division of Unemployment Insurance<br>Maryland Department of Labor<br>Attn: Pam Holland<br>1100 N. Eutaw Street<br>Baltimore, MD  21201 | $14,680.00 | $14,680.00 | Priority 2 |
| Maine Department of Labor<br>Bureau of Unemployment Compensation<br>Attn: Paul Jerome<br>Claimant ID: 935254<br>97 State House Station<br>Augusta, ME  04333-0097 | $10,535.87 | $10,535.87 | Priority 2 |
| State of Michigan<br>UI-Restitution, Dept. No. 771760<br>Attn: Maria Skonieczny<br>Claim ID: 0020059904<br>P.O. Box 77000<br>Detroit, MI  48277-1760 | $15,516.00 | $15,516.00 | Priority 2 |

DEFENDANT: JAMES HERITAGE
CASE NUMBER: 6:21CR60007-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Missouri Division of Employment Security/SIU<br>Attn: Josh Crider<br>Claimant ID: James Heritage 6070<br>P.O. Box 3100<br>Jefferson City, MO 65102 | $9,195.00 | $9,195.00 | Priority 2 |
| Mississippi Department of Employment Security<br>Management Department<br>Attn: Jason Klamm<br>1235 Echelon Parkway<br>Jackson, MS 39215 | $9,990.00 | $9,990.00 | Priority 2 |
| North Carolina Dept. of Commerce<br>Division of Employment Security<br>Attn: Regina Graham<br>Claimant ID: 12665808<br>P.O. Box 25903<br>Raleigh, NC 25903 | $10,512.00 | $10,512.00 | Priority 2 |
| Job Service North Dakota<br>Attn: Finance<br>P.O. Box 5507<br>Bismarck, ND 58506-5507 | $8,136.00 | $8,136.00 | Priority 2 |
| Nebraska Benefit Payment Control Unit<br>Attn: Keith Riley<br>550 S. 16th Street<br>Lincoln, NE 68509 | $4,116.16 | $4,116.16 | Priority 2 |
| New Jersey Department of Labor<br>Income Security-Division of Unemployment<br>Attn: Michael Kulyk<br>Claimant ID: 004328259<br>P.O. Box 058<br>Trenton, NJ 08625-0058 | $5,217.00 | $5,217.00 | Priority 2 |
| New Mexico Department of Workforce Solutions<br>Attn: BPC<br>Claimant ID: James Heritage 2000256812<br>P.O. Box 1928<br>Albuquerque, NM 87103 | $8,810.50 | $8,810.50 | Priority 2 |
| Nevada Employment Security Division<br>Benefits Integrity Programs<br>Attn: Richard Moreno<br>Claimant ID: 1432953<br>P.O. Box 3185<br>Carson City, NV 89702 | $13,166.00 | $13,166.00 | Priority 2 |

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　 Sheet 5B — Criminal Monetary Penalties

Judgment — Page 9 of 11

DEFENDANT: JAMES HERITAGE
CASE NUMBER: 6:21CR60007-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| New York State Department of Labor<br>Office of Special Investigations, Major Case Unit<br>Attn: Michelle Martone<br>Harriman State Office Campus<br>Building 12, Room 200<br>Albany, NY  12240 | $8,952.10 | $8,952.10 | Priority 2 |
| Ohio Department of Job and Family Services<br>Office of UI Operations<br>JFS-OUIO Finance Section<br>Attn: Ted Maynard<br>Claimant ID: 30128212<br>P.O. Box 182059<br>Columbus, OH  43218-2059 | $8,625.46 | $8,625.46 | Priority 2 |
| Oklahoma Employment Security Commission<br>Attn: Bret Hansen<br>2401 Lincoln Blvd.<br>Oklahoma City, OK  73152 | $7,890.00 | $7,890.00 | Priority 2 |
| Pennsylvania Office of UC Benefits Policy<br>Benefit Payment Control and Benefit Integrity<br>Attn: Bonnie Haas<br>651 Boas Street<br>Labor and Industry Building, Room 608<br>Harrisburg, PA  17121 | $13,920.00 | $13,920.00 | Priority 2 |
| South Carolina Dept. of Employment and Workforce<br>Fraud Investigations Unit<br>Attn: Trey McLeod<br>P.O. Box 995<br>Columbia, SC  29202 | $7,572.00 | $7,572.00 | Priority 2 |
| South Dakota Dept. of Labor and Regulation<br>Attn: Benefit Payment Control (Tammy Olson)<br>Claimant ID: 233681<br>P.O. Box 4730<br>Aberdeen, SD  57401 | $4,618.16 | $4,618.16 | Priority 2 |
| Texas Workforce Commission<br>Regulatory Integrity Division<br>Attn: Office of Investigation-Loretta Tackett<br>Claimant ID: 432-five1-six070<br>101 E. 15th Street<br>Austin, TX  78778 | $4,842.00 | $4,842.00 | Priority 2 |
| Utah Department of Workforce Services<br>Attn: Martin Luna<br>Debt ID: 2962433<br>Olene Walker Building<br>140 E. 300 South<br>Salt Lake City, UT  84111 | $14,720.00 | $14,720.00 | Priority 2 |

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment — Page 10 of 11

DEFENDANT: JAMES HERITAGE
CASE NUMBER: 6:21CR60007-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Vermont Department of Labor<br>Attn: Melissa Jenkins<br>P.O. Box 488<br>Montpelier, VT  05601-0488 | $4,212.00 | $4,212.00 | Priority 2 |
| Workforce West Virginia<br>Initial Claims-506<br>Attn: Andy Osborne<br>1900 Kanawha Blvd. East<br>Bldg. 3, Room 300<br>Charleston, WV  25305 | $5,780.00 | $5,780.00 | Priority 2 |

Judgment — Page 11 of 11

DEFENDANT: JAMES HERITAGE
CASE NUMBER: 6:21CR60007-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 469,282.73 due as set forth below:

    ☐ not later than _____, or
    ☒ in accordance with ☐ C ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

If not paid immediately, any unpaid financial penalty shall be paid by the defendant during his term of imprisonment at a rate of up to 50% of the defendant's available funds, in accordance with the Inmate Financial Responsibility Program. During residential reentry placement, payments will be 10% of the defendant's gross monthly income. The payment of any remaining balance shall become a condition of supervised release and shall be paid in monthly installments of $100 or 15% of defendant's gross monthly household income, whichever is greater, with the entire balance to be paid in full no later than one month prior to the end of the period of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*                    Total Amount           Joint and Several Amount         Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.