IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case No. 6:21-cr-60007

JAMES HERITAGE                                                              DEFENDANT

## ORDER

Before the Court is Defendant James Heritage's Supplemental Motion for a Compassionate Relief.  ECF No. 31.  No response is necessary, and the Court finds that the matter is ripe for consideration.

## I. BACKGROUND

On May 26, 2022, the Court sentenced Defendant to 27 total months of imprisonment followed by 5 total years of supervised release and ordered him to pay $469,282.73 in restitution and a $200 special assessment.  The Court ordered Defendant to self-surrender before 2:00 pm on July 27, 2022, for service of his sentence at the institution designated by the Federal Bureau of Prisons (BOP).  ECF No. 27.

On July 26, 2022, Defendant filed a motion through counsel, asking for a compassionate release that would reduce his term of imprisonment to home confinement so that he could continue attending doctor appointments for various medical issues.  ECF No. 29.  Construing that motion liberally, the Court found that Defendant sought two distinct forms of relief: (1) a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A); and (2) placement on home confinement pursuant to 18 U.S.C. § 3624(c).  ECF No. 30.  On July 27, 2022, the Court denied that motion, finding first that because Defendant had not exhausted his administrative remedies, the Court lacked jurisdiction over his motion for compassionate release and that because the BOP

has exclusive authority over the location of Defendant's imprisonment, the Court lacked authority to place Defendant on home confinement (or the authority to order the BOP to do so). ECF No. 30. On September 1, 2022, Defendant filed the instant motion, in which he again seeks compassionate release and home confinement. ECF No. 31.

## II.  DISCUSSION

The Court has compared Defendant's July 26 motion for compassionate release and home confinement and the instant motion for compassionate release and home confinement. They are almost identical. *Compare* ECF No. 29 *with* ECF No. 31. Although, at the time of Defendant's first motion, he had not yet submitted himself to the BOP and he has since self-surrendered, that is the only notable change in Defendant's circumstances that has occurred in the days between the two motions. Defendant still has not exhausted his administrative remedies, which, as the Court explained in its July 27 order, is a statutory prerequisite that the Court cannot excuse. ECF No. 30, at 4. Further, Defendant again asks the Court to place him on home confinement, which, as the Court explained in its July 27 order, is not within the Court's authority; instead, the BOP has exclusive authority to determine where Defendant is housed, including whether he is placed on home confinement. ECF No. 30, at 7.

The Court dismissed Defendant's first motion (ECF No. 29) "without prejudice to refiling in the future, *along with evidence that he has fully exhausted his administrative remedies within the BOP*." ECF No. 30, at 5 (emphasis added). However, Defendant has filed the instant motion without having exhausted his administrative remedies and while the Court still lacks the authority to place him on home confinement. Defendant simply reincorporates the language from his July 26 motion in the instant motion, hoping for a different outcome. Therefore, for the reasons discussed in its July 27 order, the Court finds that Defendant's instant motion (ECF No. 31) should be denied.

## III. CONCLUSION

For the foregoing reasons, Defendant's Supplemental Motion for a Compassionate Relief (ECF No. 31) is hereby **DENIED**.

**IT IS SO ORDERED**, this 21st day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
